[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties married in New Haven, Connecticut on July 31, 1982. It was the first marriage for each of them. Plaintiff's (PLTF) maiden name was Annie Middleton.
They have both resided in Connecticut for at least one year next preceding the commencement of this action on January 16, 1991.
There are no minor children of this marriage.
The marriage has broken down irretrievably and there is no reasonable prospect of a reconciliation. Both parties testified to this. The PLTF left the family residence on or about November 2, 1990 and has never returned.
Neither party has ever received any aid from the State of Connecticut or any public subdivision thereof.
The causes of the breakdown and responsibility for such are summarized briefly: 1. The DEFT's physical and verbal abuse of the PLTF. Police were summoned on at least three occasions in 1985, 1986 and 1987. (See Exhibits A, B. C) Some two years later on October 7, 1989 the police were again summoned. They found the PLTF bleeding heavily from the mouth and spots of blood covered a large portion of the kitchen floor. The DEFT admitted to the police that he had punched the PLTF in the face. This latest assault caused bleeding on the insides of both lips and her upper dental plate was broken into three pieces. At the hearing she showed her scar on her left upper lip. He stated that he had punched her for burning candles in the basement which he considered hazardous and he also believed it to be some form of voo-doo worship which he disapproved of. She testified that she was burning incense in the basement to get away from the tension she was experiencing in the main living quarters and so to relax a bit. On this last occasion she went to St. Raphael's Hospital. (See Exhibits G, H). She visited Temple Urgent Care Center in New Haven in March and December, 1987 for examinations and treatments. (See Exhibits D and E). In April of 1989 she was a patient at St. Raphael's Hospital for a laceration between her thumb and index finger which was caused to be inflicted by the DEFT when he fought with her while she had a knife in her hand. (See Exhibit F).
Each is a parent. She has a son and he a daughter. The children are adults now. PLTF's son was living with them until shortly before her own departure from the residence. She testified that she would not remain, if her son could not. She CT Page 9442 claimed to be frightened of her husband, and I believe she had just cause for this feeling. There is no question that the son was a bone of contention between the parties. This, too, is understandable because his life style would cause resentment except from a supporting mother. To a much lesser extent his daughter was the cause of some dissension but this did not come through as clearly as the son's case.
Therefore, while one can concede that it "takes two to tango," in the instant case the DEFT was by far the leader in the arguments, disputes and altercations without sufficiently demonstrated provocation. He was the principal cause for the breakdown.
Both PLTF and DEFT worked hard outside the home during this marriage. Each held two jobs and she did her work at home and he assisted. At this time the PLFT is 46 years old and he is 49. They both appeared to be in comparatively good health with no specific ailments reported in their testimony. The PLFT graduated from high school. The DEFT has worked in his primary job as an inspector in a gun manufacturing company and driven a passenger limousine on a part-time basis. On his corrected financial affidavit, dated November 14, 1991, he increased his gross weekly earnings as an inspector from $395.00 to $480.00, and increased his deductions to $120.00 resulting in net earnings of $360.00. He increased part-time gross earnings from $150.00 to $171.00 and deductions from $40.00 to $50.00. The combined net totals $481.00. On her financial affidavit the PLTF reported her principal employment to be a machine operator at a manufacturing corporation and a clerk at a food supermarket. Her gross is reported at $404.00, and I have lowered her deductions from $218.00 to $101.00 by removing the 401K and "On JOB BKNG" deductions. Her net pay is thus increased from $186.00 to $303.00. Added to this is a net of $83.00 from her part-time job for $386.00.
With regard to the DEFT's earnings there are also two exhibits to consider, Exhibits L and 2. Both are from his employer. Exhibit 1 covers a 19 week period from July 3, 1991 to October 31, 1991. The gross is $7,423.00 or $391.00 per week. However, Exhibit L reports a year to date total of $21,385.00 with the ending date of 11/03/91. This covers a 43 week period of this year and the gross is $497.00. An examination of Exhibit L shows two of the weeks with a total of $25.00 paid and most of the others under $450.00. However, in the month of October there are two weeks where the gross is $500.00. I find Exhibit 2 to be the more reliable one, and so the gross earnings for the year of $25,480.00 or $490.00 per week is the more realistic. Adding his net of $121.00 from the part-time job will result in a weekly combined net earnings of $611.00 CT Page 9443
On their latest financial affidavits the parties agree on a valuation of the residential premises at $78,000.00 with the two mortgages at $68,000.00. Originally each of them had separate apartments. After marriage the DEFT disposed of most of his personal property and moved in with the PLTF whose apartment was fully furnished. They bought the property at 131 Rock Creek Road in New Haven in 1986 using primarily some of the four or five thousand dollars which was part of his recovery following an accident. This became their family residence until she left on November 2, 1990. A second mortgage was placed on the premises to cover the cost of siding and to remodel the bathroom which the PLTF specifically requested for her approval to the siding installation. Since the separation of approximately one year, the DEFT has maintained the weekly payments of $175.00 per week on the first mortgage which includes principal, interest, taxes and insurance premium; as well as paying $30.00 per week on the second mortgage. Both mortgages are reported to be current. The value placed on the property is that of a professional appraiser. (See Exhibit 1). The court accepts the value of the property of $78,000.00.
The PLTF is the residuary owner of real estate in South Carolina being subject to a life estate in her mother. No claim is made to any interest in this property by the DEFT.
Each party has a pension plan that is vested and the PLTF also has 401K plan. Each also has an automobile. They also report certain liabilities on their financial affidavits.
There has been some division of the personal property in the family residence by court agreement heretofore and there is also agreement and disagreement of the remainder at the last hearing before this court. The PLTF has submitted a written claim for personal property distribution.
Having given due consideration to the criteria set forth in the pertinent statutes of the State of Connecticut relating to the dissolution of marriages and to the orders of the trial court for payments of alimony, for the distribution of property and for the awarding of counsel fees and further to the findings set forth supra, the following orders of this court are issued:
1. A decree may enter dissolving this marriage on the ground of irretrievable breakdown.
2. The PLTF is authorized to resume the use of her maiden name, Annie Middleton.
3. The DEFT shall pay to the PLTF the sum of $70.00 per CT Page 9444 week as periodic alimony for a term of four years commencing December 6, 1991. This Order for periodic alimony shall be non- modifiable as to term except that the alimony payments shall cease entirely upon the death of either party, the remarriage of the PLTF or her cohabitation with an unrelated male person pursuant to statute, whichever shall occur first. A contingent wage execution is ordered to secure payment of periodic alimony.
4. The PLTF shall quitclaim her interest in the premises at 131 Rock Creek Road, New Haven, Connecticut to DEFT to become his sole property in fee simple. He shall be responsible for said property and shall hold the PLTF harmless therefrom and shall indemnify her from any liability or damages including a reasonable attorney's fee. Simultaneously with the transfer of the PLTF's title to the DEFT, he shall execute and deliver to her his promissory note in the face amount of $5,000.00, which shall be non-interest bearing and shall be payable in eight (8) equal semi-annual installments of $625.00 commencing with the first payments on June 1, 1992 and December 1, 1992 and continuing thereafter on such days in each succeeding year until said note is paid in full. Said note shall be secured by a third mortgage on the above premises and shall provide for payment of collection costs including a reasonable attorney's fee in the event of a default in any payment of principal. This sum of $5,000.00 represents the PLTF's distributive share of the above real estate.
5. The parties shall retain their respective pension plans, automobiles, bank accounts as their own separate properties.
6. The PLTF shall retain her interest in the real estate in South Carolina and her 401K plan as her sole properties.
7. The PLTF shall be responsible solely for all liabilities set forth on her financial affidavits and for any other incurred by her since that filing and shall hold the DEFT harmless and indemnify him including a reasonable attorney's fee.
8. The DEFT shall likewise be responsible for his liabilities set forth in his financial affidavit and thereafter incurred and shall hold the PLTF harmless and indemnify her including a reasonable attorney's fee.
9. The personal property located at 131 Rock Creek Road, New Haven, Connecticut which has not already been divided by the parties is now ordered divided so that the PLTF shall receive the following articles as her own: V.C.R., freezer, sports trophies, big family bible, wall painting (self portrait), crock pot, lamp, her son's books, a dictionary and the exercycle. All other personal property shall be the DEFT's sole property. CT Page 9445
Arrangements are to be made by the parties to have the PLTF pick up her property not later than December 15, 1991.
No counsel fees are awarded to either party.
Counsel for the parties are requested to collaborate in the preparation of an appropriate judgment file for the approval and signature of the undersigned.
Ottaviano, State Trial Referee